**James ELLIS, Petitioner-Appellant,**

v.

**Raymond BUCHKOE, Respondent-Appellee.**

**No. 73–1691.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 13, 1973.

Decided Feb. 6, 1974.

James Ellis, pro se.

Frank J. Kelley, Atty. Gen. of Mich., Robert A. Derengoski, Sol. Gen., Thomas A. Carlson, Asst. Atty. Gen., Lansing, Mich., on brief for respondent-appellee.

Before WEICK and MILLER, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

PER CURIAM.

This is an appeal from denial of a writ of habeas corpus by the district court. The petitioner, James Ellis, was convicted of first degree murder in the Michigan state courts. The petitioner admitted the homicide, but claimed that it resulted from his defense of another person. The jury, apparently unimpressed by his defense, found the petitioner guilty as charged.

After exhausting his state remedies, the petitioner filed his habeas corpus petition in the United States District Court for the Western District of Michigan, alleging fourteen errors. The district court referred the matter to a federal magistrate for a preliminary review, following which the magistrate submitted a Report and Recommendation dealing with and rejecting on their merits each of the claimed constitutional errors. While he examined no witnesses, he relied upon the transcript of the state court trial. The district court later heard an oral argument from petitioner's counsel but held no formal hearing and made no independent examination of the state transcript. He subsequently adopted the magistrate's recommendations and issued an order dismissing the petition.

The petitioner raises the same fourteen issues on appeal. Without reaching the merits, we are compelled to take notice of the propriety of the district court's reliance on the magistrate's Report and Recommendations in dismissing the petition. Although styled in the form of a Report and Recommendations, the document is actually an opinion disposing of the issues on their merits.[1]

The Federal Magistrates Act of 1968, 28 U.S.C. §§ 631 to 639, provides in § 636(b):

Any district court of the United States, by the concurrence of a majority of all the judges of such district court, may establish rules pursuant to which any full-time United States magistrate, or, where there is no full-time magistrate reasonably available, any part-time magistrate specially designated by the court, may be assigned within the territorial jurisdiction of such court such additional duties as are not inconsistent with the Constitution and laws of the United States. The additional duties authorized by rule may include, but are not restricted to—

(1) service as a special master in an appropriate civil action, pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts;

(2) assistance to a district judge in the conduct of pretrial or discovery proceedings in civil or criminal actions; and

(3) preliminary review of applications for posttrial relief made by individuals convicted of criminal offenses, and submission of a report and recommendations to facilitate the decision of the district judge having jurisdiction over the case as to whether there should be a hearing.

This Court in Wedding v. Wingo, 483 F.2d 1131 (6th Cir. 1973) held that a United States Magistrate had no authority to conduct an evidentiary hearing on a habeas corpus petition. In so holding the Court stated:

The Act granted authority to the Magistrate to conduct only a preliminary review of applications for post-trial relief in order to facilitate the decision of the District Court as to whether there should be a hearing.

Id. at 1133.

■ We recognize that the Magistrate in this case only reviewed the state court record and did not examine witnesses as did the magistrate in *Wedding*. This does not alter the fact that the magistrate did exceed his authority by deciding substantive issues on the basis of the state record. The Act is explicit that in applications for post-trial relief, the magistrate's sole function is to conduct a *preliminary* review, not to pass upon the merits of the applications, nor even to decide whether there should be a hearing on the basis of the state record or on the basis of live testimony, but "to facilitate the decision of the District Court as to whether there should be a hearing." In short, the decision to have a hearing as well as the disposition of the merits must be made independently by the Article III Judge himself, though he may utilize the services of the magistrate for assistance in deciding whether a hearing is necessary. It is clear to us that in post-conviction cases, the evaluation of an applicant's claims to determine their validity, whether on the basis of the state record or by hearing testimony anew, is a judicial function which the Magistrate's Act did not intend to be exercised by a Federal Magistrate but only by an Article III Judge. Any different interpretation of the Act could raise serious constitutional questions.

---

1. The tendency of magistrates to conduct evidentiary hearings and to dispose of habeas corpus cases on their merits by writing opinions was noted and condemned by Professor David L. Shapiro in a recent law review article. Shapiro, Federal Habeas Corpus: A Study in Massachusetts, 87 Harvard Law Review 321 (1973).

The analysis of the Federal Magistrates Act of 1968 in *Wedding*, though set in a somewhat dissimilar factual situation, is controlling in the disposition of the present case.

 Thus, based on the limitations articulated in *Wedding*, we find that the district court erred in allowing the magistrate to go beyond facilitating "the decision of the District Court as to whether there should be a hearing" by making recommendations on the substantive issues.

The decision of the district court is reversed and remanded with instructions to make an independent determination on the merits of the petition. The court shall determine whether reliance on the state transcript is sufficient. In doing so he may give consideration to the magistrate's recommendations in this respect.