Ben CALDERON, Plaintiff–Appellant,

v.

WACO LIGHTHOUSE FOR THE BLIND, Defendant–Appellee.

No. 78–3748.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1980.

Albert H. Kauffman, Dallas, Tex., for plaintiff–appellant.

Naman, Howell, Smith, Lee & Muldrow, Jerry P. Campbell, Waco, Tex., for defendant–appellee.

Before GODBOLD, SIMPSON and THOMAS A. CLARK, Circuit Judges.

SIMPSON, Circuit Judge:

Appellant–employee, a blind Mexican–American, sued in the district court alleging that he was fired because of his national origin in violation of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e et seq., and 1870, 42 U.S.C. § 1981. The district judge referred the case to a United States Magistrate for trial on the merits with directions to submit proposed findings of fact and conclusions of law. 28 U.S.C. § 636. After hearing testimony and argument of counsel, the magistrate found that the employee had not been fired, but had resigned and that the termination of his employment was not the result of discrimination by his employer, Waco Lighthouse for the Blind. The district court adopted the magistrate's findings. The employee raises numerous issues in this appeal. We do not reach the substantive issues because the district judge failed to make a "de novo determination" of the objected to portions of the magistrate's proposed findings as required by statute. *Id.* Accordingly, the judgment of the district court is reversed and the case is remanded for further proceedings.

A threshold issue is whether the employee consented to referral to the magistrate. The district judge informed the parties, *sua sponte*, that he was referring the case to the magistrate for trial on the merits. No objection was voiced before the district court or the magistrate or in the briefs in this appeal. Appellant's counsel belatedly objected to the referral during oral argument. There is case law in other circuits holding that consent is, or may be, a necessary prerequisite to district court referral of a civil case to a magistrate for trial on the merits. *Banks v. United States,* 614 F.2d 95, 97 (6th Cir. 1980); *Muhich v. Allen,* 603 F.2d 1247, 1251–52 (7th Cir. 1979); *Hill v. Jenkins,* 603 F.2d 1256, 1258 (7th Cir. 1979); *DeCosta v. Columbia Broadcasting System, Inc.,* 520 F.2d 499, 504–05 (1st Cir. 1975). The 1979 amendments to § 636 and the relevant legislative history reveal a similar Congressional concern that consent of the parties may be necessary prior to referral of a case to a magistrate for trial on the merits.[1]

1. Subsection (c) was added to 28 U.S.C. § 636 in 1979. Federal Magistrate Act of 1979, Pub. L.No.96–82 § 2, 93 Stat. 643. That provision allows consensual reference to a magistrate for a dispositive trial on the merits:

   (c) Notwithstanding any provision of law to the contrary—

   (1) Upon the consent of the parties, a full–time United States magistrate or a part–time United States magistrate who serves as a full–time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part–time magistrate may exercise such jurisdiction, if such magistrate meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district court certifies that a full–time magistrate is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, desig-

   nation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

   (2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.

   (3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court. In this

We do not reach the difficult issue of whether a nonconsensual referral to a magistrate for trial of a civil case on the merits violates the statute or the Constitution because we find appellant consented to the referral. In *Cruz v. Hauck*, 515 F.2d 322 (5th Cir. 1975), *cert. denied*, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322, a prisoner civil rights action referred to a magistrate under Rule 53(a) of the Federal Rules of Civil Procedure, we held that an appellant who objects to reference to a magistrate for the first time on appeal waives the

circumstance, the consent of the parties allows a magistrate designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States.

28 U.S.C. § 636(c). The applicable legislative history indicates that consent to reference was considered to be a vital element of the amendment to insure that referral would not violate constitutional rights. *See e. g.,* 125 Cong.Rec. H5056 (daily ed. June 25, 1979) (Statement of Mr. Danielson); *id.* at H8725 (daily ed. Sept. 28, 1979) (Statement of Mr. Kastenmeier).

The 1979 amendments place severe restrictions on the method of obtaining consent to trial before a magistrate. 28 U.S.C. § 636(c)(2). The restrictions in the 1979 amendments are not applied here because the trial occurred before the amendments were passed and the district judge could not have foreseen the requirements and because, in light of the employee's belated objection to reference, it "would cause manifest injustice" to subject the appellee to a new trial on lack of consent grounds. *White v. Estelle*, 556 F.2d 1366, 1367 (5th Cir. 1977) and cases cited therein.

2. Subsection (b) provides:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

right. *Id.* at 331. That holding applies here.

Subsection (b) of 28 U.S.C. § 636[2] is the 1976 expansion of magistrate powers. The subsection explicitly permits a district judge to refer non–dispositive pretrial matters to a magistrate for determination. *Id.,* § 636(b)(1)(A). That determination is subject to a "clearly erroneous or contrary to law" standard of review by the district court. *Id.* The statute also permits the district court to refer dispositive pretrial matters and matters for evidentiary hear-

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

(4) Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.

28 U.S.C. § 636(b).

ing to a magistrate for submission of proposed findings of fact and conclusions of law, but the district judge must make a "de novo determination" of any objected to portions of the magistrate's proposed findings. 28 U.S.C. § 636(b)(1)(B)–(C). Although the statute (prior to the 1979 amendments) does not explicitly provide for referral of a civil case to a magistrate for trial on the merits, subsection (b)(3) broadly provides that: "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). That provision has been interpreted by other circuits to permit consensual reference to a magistrate for trial on the merits in civil rights cases and others. *Muhich v. Allen, supra*, 603 F.2d at 1251–52 (consensual reference of jury trial of civil rights action to magistrate does not violate the statute or the Constitution); *Hill v. Jenkins, supra*, 603 F.2d at 1258 (reference for trial on the merits of prisoner civil rights action is permissible, but not without consent of the parties); *DeCosta v. Columbia Broadcasting System, Inc., supra*, 520 F.2d at 503. We find that consensual references to a magistrate for trial on the merits were permitted under subsection (b)(3) independent of Rule 53 of the Federal Rules of Civil Procedure and subsection (b)(2) (permitting appointment of a magistrate as a special master) even before the 1979 amendments to the statute.[3]

Since the reference in the instant case was under § 636(b)(3), and not an appointment of a special master under § 636(b)(2), the standard of appropriate district court

review of the magistrate's findings was not necessarily the Rule 53(e)(4) standard. Fed. R.Civ.P. 53(e)(4). However, the First Circuit Court of Appeals has held that district court review of a magistrate's findings after reference for trial on the merits is the Rule 53 standard. *DeCosta v. Columbia Broadcasting System, Inc., supra*, 509 F.2d at 508.[4] That is, findings of fact are final, subject to the clearly erroneous rule; legal rulings are freely reviewable. Fed.R.Civ.P. 53(e)(4). But the Seventh Circuit Court of Appeals has held that the district court must make a *de novo* determination of the objected to portions of a magistrate's proposed findings where the referral was for a civil trial on the merits pursuant to § 636(b)(3). *Hill v. Jenkins, supra*, 603 F.2d at 1258. We agree with the Seventh Circuit. As stated previously, § 636(b) made nondispositive matters subject to "clearly erroneous or contrary to law" review by the district court. 28 U.S.C. § 636(b)(1)(A). The statute requires the district court to make a "de novo determination" of the enumerated dispositive matters which are referred to the magistrate under § 636(b). A civil trial on the merits is certainly a dispositive matter. Accordingly, we infer that any power to refer dispositive matters under § 636(b)(3) carries with it a requirement of "de novo determination" by the district judge of the portions of the magistrate's findings to which a party objects.

■ Even though the district judge's order stated that he had "made an independent review of the record", we find that there was no "de novo determination" of

---

3. The legislative history to the 1976 amendments to § 636 indicates that subsection (b)(3) was intended to enable district courts to "continue innovative experimentation in the use" of magistrates and that the provision was not intended to be limited by any other specific grant of authority to magistrates. H.R.Rep. No. 94–1609, 94th Cong., 2d Sess. 12, *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 6162, 6172. The present subsection (c), which was added in 1979, specifically permits consensual reference to a magistrate for trial on the merits which is not subject to *de novo* determination, but there are strict procedural requirements to ensure that consent is voluntary. We hold today that, under subsection (b)(3), a district judge may refer a civil case to a magis-

trate for trial on the merits if the parties consent and if the magistrate's findings are subject to *de novo* determination by the district court. We do not decide whether that authority is completely replaced by the consensual reference provisions of the 1979 amendments. 28 U.S.C. § 636(c).

4. In *DeCosta, supra*, it is not absolutely clear that the consensual reference power was found in § 636(b)(3). The opinion noted that the district court treated it so, but the opinion could be interpreted as treating the reference as a § 636(b)(2) appointment of a special master.

the contested portions of the magistrate's findings as required by 28 U.S.C. § 636(b)(1)(C). There is no indication in the record that the district court reviewed the testimony of the witnesses. The transcript of the proceedings before the magistrate was prepared two months after the district court order, and the record is silent as to any tape recording of those proceedings. The Supreme Court has recently held, in a criminal suppression hearing case referred to a magistrate under § 636(b)(1)(B), that the district court is not required to conduct a de novo hearing of the witness concerning credibility matters that a party objects to, at least if the district judge accepts the credibility findings of the magistrate. *United States v. Raddatz,* —— U.S. —— n.7, 100 S.Ct. 2406 n.7, 65 L.Ed.2d 424 (1980). It follows that the district court in this civil case was not required to conduct a *de novo* examination of the witnesses. However he *was* required to make a "de novo determination" of the contested findings. 28 U.S.C. § 636(b)(1)(C). The decisions of the magistrate were decisions on the credibility of the various witnesses. A district court cannot make a "de novo determination" of the credibility of a witness without at least reading a transcript or listening to a tape recording of the testimony of the witness. *Accord, Hill v. Jenkins, supra,* 603 F.2d at 1259. *Cf. United States v. Marshall,* 609 F.2d 152, 155 (5th Cir. 1980) (holding that a district judge errs by *rejecting* the credibility findings of the magistrate without at least consulting the transcript of the proceedings before the magistrate).

We reverse and remand. The district court is directed to review the transcript of the proceedings before the magistrate and make a "de novo determination" of the magistrate's findings. If the district judge determines that the magistrate's findings are erroneous, then, prior to entry of an order rejecting the magistrate's findings, he must further determine if it is necessary to conduct a new hearing at which he can observe the demeanor of the witnesses. In that regard the district court's attention is directed to *United States v. Raddatz, supra,*

—— U.S. at —— n.7, 100 S.Ct. at 2415 n.7, 65 L.Ed.2d 424 and *United States v. Marshall, supra,* 609 F.2d at 155.

REVERSED AND REMANDED WITH INSTRUCTIONS.