Willie James GLOVER, Plaintiff-Appellee
Cross-Appellant,

v.

ALABAMA BOARD OF CORRECTIONS,
et al., Defendants,

James Towns, Defendant-Appellant
Cross-Appellee.

No. 80–7875.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Oct. 26, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Charles A. Graddick, Atty. Gen., Jack M. Curtis, Asst. Atty. Gen., Montgomery, Ala., for defendant-appellant cross-appellee.

Jere Beasley and Frank M. Wilson, Montgomery, Ala., (Court appointed), for plaintiff-appellee cross-appellant.

## ON PETITION FOR REHEARING

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Appellee Glover has petitioned for rehearing of our decision dismissing for lack of jurisdiction and remanding to the district court his appeal from judgments in a trial over which a magistrate presided.

The critical issue in this case is whether the magistrate acted under authority of subsection (b) or subsection (c) of 28 U.S.C.A. § 636. If subsection (b) is applicable, as we earlier held, no direct appeal to the Court of Appeals from the magistrate's decision is possible.[1] The statutory basis

---

1. 28 U.S.C.A. § 636(b) provides:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

that is the predicate for an appeal to this Court grants jurisdiction only over "final decisions of the district courts of the United States." 28 U.S.C.A. § 1291. The decision of a magistrate does not meet the requirements of that statute. Subsection (b) does not grant to a magistrate the authority to render a final judgment.[2] Only a district court can make a magistrate's decision final, and therefore appealable. *See, e. g., Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352, 355 n.3 (5th Cir. 1980); *United Steelworkers v. Bishop,* 598 F.2d 408 (5th Cir. 1979); *Kendall v. Davis,* 569 F.2d 1330 (5th Cir. 1978). Moreover, the magistrate's decision is not one of the district court and hence is not appealable under Section 1291. *United States v. Haley,* 541 F.2d 678 (8th Cir. 1974).

The magistrate's decision would be final and appealable to this Court if issued under authority of subsection (c).[3] Under subsec-

---

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

(4) Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.

2. As our earlier opinion noted, whether the magistrate had authority under subsection (b)(2) or (b)(3) would not alter the result here.

3. 28 U.S.C.A. § 636(c) provides:

(c) Notwithstanding any provision of law to the contrary—

(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate may exercise such jurisdiction, if such magistrate meets the bar membership requirements set forth in section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate is not reasonably available in accordance with guidelines established by the judicial council of the circuit. When there is more than one judge of a district court, designation under this paragraph shall be by the concurrence of a majority of all the judges of such district court, and when there is no such concurrence, then by the chief judge.

(2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.

(3) Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate in the same manner as an appeal from any other judgment of a district court. In this circumstance, the consent of the parties allows a magistrate designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure. Nothing in this paragraph shall be construed as a limitation of any party's right to seek review by the Supreme Court of the United States.

(4) Notwithstanding the provisions of paragraph (3) of this subsection, at the time of reference to a magistrate, the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals. Wherever possible the local rules of the district court and the rules promulgated by the conference shall endeavor to make such appeal expedi-

tion (c), a recent amendment to the Magistrates Act, a magistrate specifically designated by the district court and presiding with the consent of the litigants may enter a final judgment, from which, absent consent of the parties to appeal to the district court, an aggrieved party may appeal to the Court of Appeals.[4]

We held earlier that the magistrate must have acted under authority of subsection (b) because he was appointed to the case prior to October 10, 1979, the effective date of subsection (c). The record indicates, however, that, although the magistrate was handling procedural matters in this case prior to October 10, he was not actually assigned the trial of the case until January 14, 1980. By that time local rules concerning the authority of magistrates had been changed in accordance with the provisions of subsection (c) and the presiding magistrate had been designated capable of receiving cases under that subsection. Moreover, one court has held, though with little discussion, that it would not apply subsection (c) to a dispute in part because the trial occurred before the provision became effective. *Calderon, supra,* 630 F.2d at 353–54 n.1. Under such a standard, the magistrate in this case could have acted under authority of subsection (c).

Rather than rely either on the time of the magistrate's appointment to a case or on the time of trial as a gauge for determining the subsection under the authority of which the magistrate acted, we believe a better analysis involves determining the scope of authority to which the parties consented. The dates on which the parties consented to trial before a magistrate, January 9, 1980, for the defendants and January 10, 1980, for the plaintiff, indicate that either subsection might be applicable. The ambiguous wording of the consent form that the parties signed provides no further guidance, since the language does not indicate under which subsection the magistrate would have jurisdiction:

> I understand, absent consent of all parties, that this case will be tried before a United States District Judge.

> I hereby consent to the Magistrate's exercising jurisdiction in the above-styled case.

For reasons discussed below we must interpret the language of the parties' consent narrowly to apply only to the magistrate's exercise of jurisdiction under authority of subsection (b).

An initial reason why we do not interpret the consent form as conferring jurisdiction under subsection (c), and why, indeed, we would hold that the magistrate could not have acted under the authority of that subsection even if the parties had intended

---

tious and inexpensive. The district court may affirm, reverse, modify, or remand the magistrate's judgment.

(5) Cases in the district courts under paragraph (4) of this subsection may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment. Nothing in this paragraph shall be construed to be a limitation on any party's right to seek review by the Supreme Court of the United States.

(6) The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate under this subsection.

(7) The magistrate shall determine, taking into account the complexity of the particular matter referred to the magistrate, whether the record in the proceeding shall be taken, pursuant to section 753 of this title, by electronic sound recording means, by a court reporter appointed or employed by the court to take a verbatim record by shorthand or by mechanical means, or by an employee of the court designated by the court to take such a verbatim record. Notwithstanding the magistrate's determination, (A) the proceeding shall be taken down by a court reporter if any party so requests, (B) the proceeding shall be recorded by a means other than a court reporter if all parties so agree, and (C) no record of the proceeding shall be made if all parties so agree. Reporters referred to in this paragraph may be transferred for temporary service in any district court of the judicial circuit for reporting proceedings under this subsection, or for other reporting duties in such court.

4. Because subsection (c) allows appeal to the Court of Appeals "notwithstanding any law to the contrary," the restrictions of 28 U.S.C.A. § 1291 are inapplicable.

otherwise, is that the form does not meet the requirements of paragraph (2) of subsection (c), which states that

> [i]f a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of their right to consent to the exercise of such jurisdiction .... Rules of the court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent.

The clerk could not have notified the parties of their right to consent under subsection (c) when the action was filed since the amendment had not been passed at that time. Also, the wording of paragraph (2) suggests that it is the duty of the clerk to make clear to the parties that their consent would be under subsection (c), not (b). The form at issue here, however, does not distinguish between consent to a magistrate's authority exercised under subsection (b) and consent under subsection (c). Finally, the statute's requirement that court rules ensure the voluntariness of the parties' consent reinforces the need for a clear statement by the parties before granting the magistrate authority under subsection (c).

■ More fundamental reasons also require us to construe narrowly the consent of the parties. First, the Supreme Court has stated that the Constitution requires that the judicial power of the United States be vested in courts having judges with life tenure and undiminishable compensation in order to protect judicial acts from executive or legislative coercion. *O'Donoghue v. United States*, 289 U.S. 516, 531, 53 S.Ct. 740, 743, 77 L.Ed. 1356 (1933). A decision without consent by a magistrate, a non-Article III judge, would undermine this objective of the Constitution and might violate the rights of the parties. *See DeCosta v. Columbia Broadcasting Co.*, 520 F.2d 499, 503–06 (1st Cir. 1975) (discussion in context of 28 U.S.C.A. § 636(b)), *cert. denied*, 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976); *Ellis v. Buchkoe*, 491 F.2d 716, 717 (6th Cir. 1974) (interpreting Magistrates Act to allow magistrate to evaluate habeas corpus petitions, even if only to make recommendations to an Article III judge, "could raise serious constitutional questions"); Note, "Masters and Magistrates in the Federal Courts," 85 *Harv.L.Rev.* 779, 780–89 (1975). Second, the emphasis on the consent requirement in Congressional debates on the amendment evinces a desire for a clear expression of consent by the parties before allowing a magistrate authority under subsection (c). "The applicable legislative history indicates that consent to reference was considered to be a vital element of the amendment to ensure that referral would not violate constitutional rights. *See, e. g., Cong.Rec.* H5056 (daily ed. June 25, 1979) (Statement of Mr. Danielson); *id.* at H8725 (daily ed. Sept. 28, 1979) (Statement of Mr. Kastenmeier)." *Calderon, supra*, 630 F.2d at 353–54 n.1.

We interpret the consent of the parties as given in this case as extending only to the jurisdiction of the magistrate under the provisions of 28 U.S.C.A. § 636(b).

The petition for rehearing is DENIED.