**Philip Carmikle PARKS, A minor, By and Through his parents and next friends, Bobby Joe PARKS and Clara Mae Parks, et al., Plaintiffs-Appellants,**

v.

**Geneva COLLINS, individually, and in her capacity as Instructor, Claiborne County Schools, et al., Defendants-Appellees.**

No. 84–4158.

United States Court of Appeals, Fifth Circuit.

June 3, 1985.

---

Robert C. Connor, Jr., Port Gibson, Miss., Wilbur Colom, North Columbus, Miss., Bodron & Yoste, Vicksburg, Miss., for plaintiffs-appellants.

Frank Campbell, Dist. Atty., Vicksburg, Miss., for Claiborne County.

Allen L. Burrell, Port Gibson, Miss., for Port Gibson Bank.

Brown, Alexander & Sanders, Jackson, Miss., Everett T. Sanders, Natchez, Miss., for Claiborne Co. Bd. of Educ.

Daniel, Coker, Horton & Bell, Jackson, Miss., for Travelers Indem. Co.

Wells, Wells, Marble, Jackson, Miss., for Horace Mann Ins. Co.

Charles A. Brewer, Jackson, Miss., for Geneva Collins.

Before GOLDBERG, RUBIN, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Appellants challenge an order of the magistrate setting aside an order of the district court granting them a default judgment on a writ of garnishment against appellee Claiborne County Board of Education. We decline to address the substantive issues on appeal as we find the magistrate's order was interlocutory and thus not appealable. Accordingly, the appeal is dismissed.

### I. *Background*

Philip C. Parks, a minor, by and through his parents as next friends, sued Geneva

Collins, individually, and in her capacity as instructor, Claiborne County Schools, Arthur W. Watson, Jr., individually, and in his capacity as principal, Addison Jr. High School, and John Charles Noble, individually, and in his capacity as superintendent, Claiborne County Public Schools, alleging violations of his civil rights and invasion of his privacy as a result of public disclosure of confidential records. The action, before the magistrate by consent of the parties, was tried to a jury which found against Geneva Collins and John Noble, individually. The jury also found that Parks and his mother, Clara Mae Parks, were entitled to $50,000 in actual damages and $30,000 in punitive damages. Judgment was entered in favor of plaintiffs on the jury verdict against Collins and Noble; plaintiffs also were awarded attorney's fees in the amount of $36,226, plus interest from the date of judgment. From this point the factual and procedural background of this case becomes somewhat complicated.

In an attempt to collect the judgment, plaintiffs filed a Suggestion for Writ of Garnishment on February 23, 1983, with Collins' employer, the Claiborne County Board of Education (the Board). On February 28 a United States Marshal served the writ upon Dr. Joseph Travillion, the Superintendent of Education of the Board. Because no answer had been filed to the writ of garnishment within the requisite twenty-day period, plaintiffs requested an entry of default against the Board, which the clerk of the district court entered on March 22. Thereafter, on September 6 the district court entered a default judgment against the Board in the amount of $116,-226.

On November 23 a writ of garnishment was issued against funds of the Board on deposit at the Port Gibson Bank (the bank), in Port Gibson, Mississippi. On December 5, the magistrate who presided over the original jury trial, ordered the bank to disburse funds it held on deposit for the Board in order to satisfy the default judgment. On the same date, the bank paid $118,128 into the registry of the court; the next day, the district court ordered the clerk of the court to disburse the funds to the plaintiffs.

On January 12, 1984, Frank Campbell, the state district attorney, on behalf of Claiborne County, Mississippi, filed a motion to set aside the default judgment and a motion for a preliminary injunction and other relief; on the same date, the magistrate ordered that the motions be set for hearing before him on February 2. Then, on January 18, the Board also moved, pursuant to Rule 60(b), to set aside the default judgment[1] and applied to the district court for a stay, injunction, and other relief; these motions were noticed for a hearing before the district judge on February 6. On January 31, however, the Board renoticed its motions before the magistrate, after which, on February 8, the magistrate heard both the motions of the district attorney and of the Board.[2] Thereafter, on February 29, the magistrate entered an order setting aside the default judgment which had been entered by the district court on September 1, 1983; in addition, the magistrate enjoined the plaintiffs from spending or disposing of the previously received funds that the bank had paid into the registry of the court. Plaintiffs timely noticed their appeal to this Court from the magistrate's February 29 order.

## II. *Appealability*

■ Appellants bring before this Court issues that are raised by the grant of a

---

1. Although the district attorney's motion of January 12 does not so indicate, the Board properly characterizes its motion to set aside the default judgment as a Fed.R.Civ.P. 60(b) motion. We note also that Fed.R.Civ.P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

2. It is unclear by what authority the magistrate heard these motions. The docket sheet does not reflect that the district court referred the Board's Rule 60(b) motion to the magistrate, nor is there any indication that the parties consented to allow the magistrate to hear the motion. Appellants asserted, at oral argument, that they merely responded to the district attorney's notice and the board's renotice of a hearing before the magistrate. *See* Part III, *infra.*

Rule 60(b) motion to set aside a default judgment entered in their favor. The magistrate's order was interlocutory, however, and thus nonappealable. *See Hand v. United States,* 441 F.2d 529, 530 n. 1 (5th Cir.1971). When an order granting a Rule 60(b) motion, "merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and is interlocutory and nonappealable." 7 J. Moore, Moore's Federal Practice ¶ 60.30[3] (2d ed. 1983) (footnote omitted); *see also* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2871 (1973).

■ Appellants contend and appellees appear to concede that the magistrate's order was appealable pursuant to 28 U.S.C. § 1291 which grants jurisdiction to this Court to hear "appeals from all final decisions of the district courts...."[3] Appellants offer this line of reasoning for the contention that the magistrate's order is "final." They assert that, relying upon the Mississippi statute that prompted the magistrate to grant the motion to set aside the default judgment,[4] the Board could choose *ad infinitum* to ignore any and all subsequent proceedings. Thus, they argue, the order is a final decision, and falls within § 1291, since it will, as a practical matter, leave nothing more to be adjudged. *Cf.* 7 J. Moore, Moore's Federal Practice ¶ 60.-30[3] n. 11 (2d ed. 1983). We decline the offer to follow this line of reasoning. The magistrate has merely set aside a default judgment previously entered; the only consequence of such an order is that the court will retain jurisdiction over the parties and address the issues raised in the Suggestion for Writ of Garnishment on the merits or, perhaps, enter another default judgment.

In either event, the action is properly before the lower court and not this Court. The order of the magistrate is not a "final decision." Accordingly, we hold that the February 29 order setting aside the default judgment is interlocutory and thus nonappealable. *Hand,* 441 F.2d at 530 n. 1.

### III. *The Magistrate's Authority*

Having determined that the magistrate's February 29 order setting aside the default judgment was not final, we note what appears to be a lack of authority on the part of the magistrate to enter such an order. There is no indication in the record before us that the district court referred consideration of the motion to set aside the default judgment to the magistrate, nor does our review of the record indicate that the parties consented to submit to the authority of the magistrate.

If the magistrate had authority to enter the order setting aside the district court's default judgment, his authority derived from the statutory grant provided by 28 U.S.C. § 636. *See Ford v. Estelle,* 740 F.2d 374 (5th Cir.1984). Section 636(b) empowers a district judge to refer to a magistrate, without consent of the parties:

(1) nondispositive motions, which the magistrate may "hear and determine" subject only to district court review for clear error, § 636(b)(1)(A); or (2) dispositive motions or "prisoner petitions challenging conditions of confinement," of which the magistrate may recommend disposition subject to the parties' right to object and the district court's review de novo. § 636(b)(1)(B).

*Ford,* 740 F.2d at 377.[5] The magistrate, in this action, did not rule on a "pretrial mat-

---

**3.** It matters not that the parties might concede to our jurisdiction of this appeal. Where our jurisdiction of an appeal does not exist, we are duty bound to recognize that fact. *Koke v. Phillips Petroleum Co.,* 730 F.2d 211, 214 (5th Cir.1984), *cited in United States v. Garner,* 749 F.2d 281, 284 (5th Cir.1985).

**4.** Miss.Code Ann. § 11–35–13 (1972) provides that

In no case shall judgment be rendered against the state, a county, a municipality, or any

state institution, board, commission, or authority for default in failing to make answer to a writ served hereunder.

**5.** 28 U.S.C. § 636(b), in pertinent part, provides:
(b)(1) Notwithstanding any provision of law to the contrary—
(A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or

ter pending before the court," *see* § 636(b)(1)(A), nor does the Rule 60(b) motion constitute one of the motions excepted in subsection (A) or, by operation of the statute, included in subsection (B). In addition, the motion involves neither post-trial relief of a criminal offender nor a challenge to conditions of confinement. Accordingly, the magistrate's exercise of jurisdiction in ruling on the 60(b) motion was not effectuated pursuant to § 636(b).[6]

 If the magistrate was authorized to rule on the motions, his authority would be derived by virtue of § 636(c).[7] The parties concede that the original action was tried, with a jury, before the magistrate pursuant to § 636(c). The original action was referred to the magistrate by the district judge and the parties consented to the designation of the magistrate to exercise jurisdiction over the matter. In noticing the hearing of the Rule 60(b) motion before the magistrate, the parties apparently assumed that the magistrate's jurisdiction over the original action reached as well to the garnishment action. Accordingly, it becomes pertinent whether § 636(c) authorized the magistrate to act on the motions.

quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

\* \* \* \* \* \*

(B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in sub-paragraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

\* \* \* \* \* \*

(2) A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of Rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

(3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

6. We do not decide whether § 636(b)(3), which provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States," grants to the magistrate jurisdiction over post-trial motions of this sort. We decline to so decide because of the lack of any evidence indicating that the Rule 60(b) motion was assigned or referred to the magistrate as required by § 636(b)(3). Further, we adhere to our earlier holding that:

under subsection (B)(3), a district judge may refer a civil case to a magistrate for trial on the merits if the parties consent and if the magistrate's findings are subject to *de novo* determination by the district court. We do not decide whether that authority is completely replaced by the consensual reference provisions of the 1979 amendments. 28 U.S.C. § 636(c).

*Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352, 355 n. 3 (5th Cir.1980). In *Ford v. Estelle,* 740 F.2d at 381, we recently limited the scope of § 636(b)(3) stating that, "section 636(b)(3) cannot support reference of a civil action to a magistrate for jury trial, and to the extent that a case is to be tried to a jury it can be referred to a magistrate only upon consent of the parties under 636(c)." Whether the authority granted in § 636(b)(3) has been completely replaced by § 636(c), however, remains an unanswered question.

7. 28 U.S.C. § 636(c), in pertinent part, provides that:

(c) Notwithstanding any provision of law to the contrary—

(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, *when specially designated to exercise such jurisdiction* by the district court or courts he serves. . . .

(2) If a magistrate is designated to exercise civil jurisdiction under paragraph (1) of this subsection, the clerk of court shall, at the time the action is filed, notify the parties of *their right to consent to the exercise of such jurisdiction.* The decision of the parties shall be communicated to the clerk of court. Thereafter, neither the district judge nor the magistrate shall attempt to persuade or induce any party to consent to reference of any civil matter to a magistrate. Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent. (emphasis added).

A magistrate may grant or deny a motion to set aside a default judgment by virtue of § 636(c)(1) which states that the magistrate "may conduct *any* or all proceedings in a jury or nonjury civil matter ... when specially designated to exercise such jurisdiction by the district court...." (emphasis added). We conclude, however, that the magistrate did not have authority pursuant to § 636(c) to grant the Rule 60(b) motion for two reasons. First, fatal to the magistrate's exercise of authority is the lack of any order of reference from the district judge. The magistrate heard the motions to set aside the default judgment apparently by virtue of the fact that they were noticed for a hearing before the magistrate rather than before the district court. Moreover, neither party successfully explained, at oral argument, how the motions came to rest with the magistrate. Consequently, we find that the lack of an order referring the motion to the magistrate precludes the magistrate from exercising jurisdiction over the matter. *See, e.g., Alaniz v. California Processors, Inc.,* 690 F.2d 717, 719–20 (9th Cir.1982).

Second, even if the motions had been properly referred to the magistrate, we find no indication that the parties to the garnishment action consented to have the magistrate rule on the 60(b) motions. Notwithstanding the parties' consent to allow the magistrate to try the original action, the parties did not consent to such jurisdiction in the garnishment action. Appellants moved, before the district judge, for a default judgment on the garnishment; thereafter, the district judge entered a default judgment. Both actions evidence a lack of consent by the parties to allow the magistrate to exercise his authority over a matter that had been previously entertained by the district judge.[8]

Our conclusion that the magistrate's authority is lacking because of the lack of consent to such authority is supported by decisions of both this Circuit and the Ninth Circuit which hold that the parties' consent must be clear and unambiguous before the magistrate will be authorized to act under § 636(c). *See Glover v. Alabama Board of Corrections,* 660 F.2d 120, 124 (5th Cir. 1981); *Alaniz,* 690 F.2d at 720. Consequently, we will not assume that consent to trial of the original action by the magistrate constitutes a similar consent with respect to the garnishment action; nor will such consent be inferred by virtue of the fact that the Rule 60(b) motion was noticed before the magistrate and was heard by the magistrate with no objections. Most recently, we reaffirmed the rule that the consent of the parties "must be explicit, and will not be casually inferred from the conduct of the parties." *Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir.1984).

As we stated in *Glover, supra:*

[M]ore fundamental reasons also require us to construe narrowly the consent of the parties. First, the Supreme Court has stated that the Constitution requires that the judicial power of the United States be vested in courts having judges with life tenure and undiminishable compensation in order to protect judicial acts from executive or legislative coercion. *O'Donoghue v. United States,* 289 U.S. 516, 531, 53 S.Ct. 740, 743, 77 L.Ed. 1356 (1933). A decision without consent by a magistrate, a non-Article III

---

**8.** Moreover, we note that the local rules for the Southern District of Mississippi defines a "motion ... for review of default judgments," S.D. Miss.R. 8(F)(1)(i), as a dispositive motion for purposes of Local Rule 8, which, in general, provides that "[u]pon consent of the parties, the district judge may refer any dispositive motion to a magistrate to hear and decide." S.D. Miss.R. 8(A).

In addition, Local Rule 7 states:

The clerk shall not accept a consent form unless it has been signed by all parties in the case.

S.D.Miss.R. 7(F)(2).

\* \* \* \* \* \*

A case shall not be considered to have been assigned to a magistrate until the order of reference is executed and filed.

S.D.Miss.R. 7(F)(3)(a). Thus, the local rules, which parallel the requirements of § 636, support the conclusion that absent a properly executed order of reference and absent a formally executed consent form, the magistrate is not authorized to rule on dispositive motions such as the Rule 60(b) motions at issue in this action.

judge, would undermine this objective of the Constitution and might violate the rights of the parties. *See DeCosta v. Columbia Broadcasting Co.,* 520 F.2d 499, 503–06 (1st Cir.1975) (discussion in context of 28 U.S.C.A. § 636(b) ), *cert. denied,* 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976); *Ellis v. Buchkoe,* 491 F.2d 716, 717 (6th Cir.1974) (interpreting Magistrates Act to allow magistrate to evaluate habeas corpus petitions, even if only to make recommendations to an Article III judge, "could raise serious constitutional questions"); Note, "Masters and Magistrates in the Federal Courts," 85 *Harv.L.Rev.* 779, 780–89 (1975). Second, the emphasis on the consent requirement in Congressional debates on the amendment evinces a desire for a clear expression of consent by the parties before allowing a magistrate authority under subsection (c). "The applicable legislative history indicates that consent to reference was considered to be a vital element of the amendment to ensure that referral would not violate constitutional rights. *See, e.g., Cong.Rec.* H5056 (daily ed. June 25, 1979) (Statement of Mr. Danielson); *id.* at H8725 (daily ed. Sept. 28, 1979) (Statement of Mr. Kastenmeier)." *Calderon, supra,* 630 F.2d at 353–54 n. 1.

*Id.* at 124.

As a result, on the record before us, the magistrate lacked authority to enter the order setting aside the default judgment.[9] Accordingly, it would appear proper that after this dismissal, the district court should determine on the record before it, whether the magistrate had authority to enter the February 29 order granting the motion to set aside the default judgment. Should the district court conclude no such authority existed, it would then be proper for it to vacate the magistrate's order and proceed to decide the motions anew.

APPEAL DISMISSED.

---

9. Our resolution of this question does not affect the nonappealability of the magistrate's order. Rather, it strengthens our conclusion that the appeal must be dismissed. Even if we accepted appellants' argument that the magistrate's order was, as a practical matter, a final decision, the absence of an order of referral and of the parties' consent renders the magistrate's order non-appealable. *See Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir.1984).