**Anthony J. CAPRERA, et al.,
Plaintiffs-Appellants,**

v.

**Roy JACOBS, Sr., Individually and in his official capacity with the Jefferson Parish Sheriff's Office, et al., Defendants-Appellees.**

No. 85–3368.

United States Court of Appeals,
Fifth Circuit.

June 2, 1986.

Wayne G. Cresap, John Levy, New Orleans, La., for plaintiffs-appellants.

Raymond C. Burkart, Jr., New Orleans, La., for Caprera.

Richard D. Faulkner, New Orleans, La., for defendants-appellees.

Before THORNBERRY, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal from a denial of plaintiffs' Fed.R.Civ.P. 60(b) motion to reconsider and set aside an order of dismissal of their § 1983 action against the defendants. Plaintiffs also appeal from an order assessing sanctions against them. Finding that the magistrate was without jurisdiction to enter final judgment in this case, we vacate the order of dismissal, and remand this case for further proceedings not inconsistent with this opinion.

The plaintiffs in this suit were employed by the Jefferson Parish Sheriff's Office as deputies. In their original complaint, filed in February, 1983, they alleged that Sheriff Harry Lee and several of his subordinates had intimidated and harassed plaintiffs because they had criticized Sheriff Lee's administration. Plaintiffs brought suit under 42 U.S.C. § 1983, claiming that the alleged acts deprived them of their right to free speech and their "due process right" to pursue their chosen careers as law enforcement officers.

Following the denial of a motion to dismiss pursuant to Fed.R.Civ.P. 4 and 12(b)(6), the parties agreed that a magistrate could conduct all further proceedings in the case, including a trial if necessary. *See* 28 U.S.C. § 636(c).[1] The consent to proceed before a magistrate form was signed by attorney Wayne Cresap on behalf of all plaintiffs and attorney Richard Faulkner on behalf of all defendants.

Shortly thereafter, plaintiff Anthony Caprera enlisted attorney Raymond Burkhart as personal counsel. Plaintiffs did not move to have Burkhart recognized as attorney of record for Caprera or as additional counsel for plaintiffs. Nevertheless, Burkhart took control of Caprera's case. With leave of court, Burkhart filed an amended complaint stating several state law causes of action and naming additional defendants. Apparently, the defendants named in the amended complaint were represented by attorney Faulkner, counsel for the original defendants. However, they never gave express consent for the case to be tried to a magistrate.

Defendants renewed their Rule 12(b)(6) motion to dismiss, which the magistrate granted on February 1, 1985. The plaintiffs did not timely appeal the dismissal. The defendants moved for attorney's fees on March 7, 1985. The magistrate initially ordered plaintiffs to pay the defendants' attorney's fees, but the order was revoked to allow plaintiffs a hearing on the motion.

On April 19, plaintiff Caprera filed a motion to reconsider and set aside the or-

1. 28 U.S.C. § 636(c) reads in pertinent part: (1) Upon consent of the parties, a full-time United States Magistrate or a part-time United States Magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or non-jury civil matter and order the entry of final judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

der of dismissal pursuant to Fed.R.Civ.P. 60(b). The other plaintiffs filed a similar motion several days later. The motions were set for hearing on May 29, 1985, at which time the magistrate was also to hear the motion for attorney's fees.

At the May 29 hearing, the magistrate took the Rule 60(b) motions and the motion for attorney's fees under submission.

On June 10, 1985, plaintiffs moved for a trial by jury and to have attorney John Levy recognized as additional counsel for plaintiffs. Two days later, the magistrate denied these motions in an order handwritten across the face of plaintiffs' motions. The handwritten orders said that the dismissal of the case was final and that no appeal had been taken. The motions for jury trial and recognition of additional counsel were deemed "frivolous and malicious" and the court imposed "additional" sanctions in the sum of $1,000 against the plaintiffs. No further orders with regard to plaintiffs' Rule 60(b) motions or defendants' motion for attorney's fees were issued by the magistrate. Plaintiffs timely filed their notice of appeal.

■ We need only address one of plaintiffs' contentions to dispose of this appeal. In their Rule 60(b) motion, plaintiffs argued that the defendants named in the additional complaint had not consented to the magistrate's jurisdiction to enter final judgment in this case.[2] Thus, they claim the order of dismissal was void. We are constrained to agree with plaintiffs.

The magistrate took defendants' Rule 12(b)(6) motion "under submission pursuant to the consent of the parties under 28 U.S.C. § 636(c)." However, the express consent of the additional defendants named in the amended complaint was never secured. When parties consent to proceed before a magistrate under § 636(c), they waive their right to have their trial presided over by an Article III judge. Because

the waiver of constitutional rights is involved, this court has intimated that § 636(c) must be construed to require clear and unambiguous consent of the parties in order for the statute to pass constitutional muster:

More fundamental reasons also require us to construe narrowly the consent of the parties. First, the Supreme Court has stated that the Constitution requires that the judicial power of the United States be vested in courts having judges with life tenure and undiminishable compensation in order to protect judicial acts from executive or legislative coercion. *O'Donoghue v. United States*, 289 U.S. 516, 531, 53 S.Ct. 740, 743, 77 L.Ed. 1356 (1933). A decision without consent by a magistrate, a non-Article III judge, would undermine this objective of the Constitution, and might violate the rights of the parties. *See DeCosta v. Columbia Broadcasting Co.*, 520 F.2d 499, 503–06 (1st Cir.1975) (discussion in context of 28 U.S.C.A. § 636(b)), *cert. denied*, 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976); *Ellis v. Buckhoe*, 491 F.2d 716, 717 (6th Cir.1974) (interpreting Magistrates Act to allow magistrate to evaluate habeas corpus petitions, even if only to make recommendations to an Article III judge, "could raise serious constitutional questions"); Note, "Masters and Magistrates in the Federal Courts," 85 *Harv.L.Rev.* 779, 780–89 (1975). Second, the emphasis on the consent requirement in Congressional debates on the amendment evinces a desire for a clear expression of consent by the parties before allowing a magistrate authority under subsection (c). "The applicable legislative history indicates that consent to reference was considered to be a vital element of the amendment to ensure that referral would not violate constitutional rights. *See, e.g., Cong.Rec.* H5056 (daily ed. June 25, 1979) (Statement of Mr. Dan-

---

**2.** Only plaintiff Caprera presented this issue in his Rule 60(b) motion. The issue was not raised by the other plaintiffs. However, as the objection is to the court's jurisdiction, we must address it *sua sponte* even if it is not raised by the

parties. *Giannakos v. M/V BRAVO TRADER*, 762 F.2d 1295, 1297 (5th Cir.1985) (per curiam). Thus, our disposition of the jurisdictional question applies to all plaintiffs.

ielson); *Id.* at H8725 (daily ed. Sept. 28, 1979) (Statement of Mr. Kastenmeir)." *Calderon [*Waco Lighthouse for the Blind *], supra,* 630 F.2d [352] at 353–54 n. 1 [5th Cir.1980].

*Glover v. Alabama Board of Corrections,* 660 F.2d 120, 124 (5th Cir.1981). The requirement that the consent to proceed before a magistrate be explicit has been reiterated by this court, *Parks v. Collins,* 761 F.2d 1101, 1106 (5th Cir.1985); *Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir. 1984), and other circuit courts, *Geaney v. Carlson,* 776 F.2d 140, 142 (7th Cir.1985), *Alaniz v. California Processors, Inc.,* 690 F.2d 717, 720 (9th Cir.1982).

Our decision in *Parks v. Collins,* 761 F.2d 1101 (5th Cir.1985) held that consent to the magistrate's jurisdiction could not be inferred from the conduct of the parties. In *Parks,* the plaintiff won his case in a jury trial presided over by a magistrate pursuant to the consent of the parties. The plaintiff then filed a suggestion for writ of garnishment on defendant's employer. When the employer failed to answer the writ within the time alloted, the plaintiff filed a motion with the district court to enter a default judgment against the employer. The district court granted the motion. After the employer's funds on deposit at a bank were garnished and paid into the registry of the court, the employer noticed a motion before the magistrate who had presided at the trial to set aside the default judgment pursuant to Fed.R.Civ.P. 60(b). The magistrate held a hearing on the motion at which the plaintiff appeared and made no objection to the magistrate's authority to rule on the motion. The magistrate granted the employer's motion and set aside the default judgment. *Parks,* 761 F.2d at 1103.

On appeal, the court held that the granting of a Rule 60(b) motion is interlocutory and therefore nonappealable. *Id.* at 1104. The court stated further, "we note what appears to be a lack of authority on the part of the magistrate to enter such an order." *Id.* The court continued:

[w]e will not assume that consent to trial of the original action by the magistrate constitutes consent with respect to the garnishment action; nor will such consent be inferred by virtue of the fact that the Rule 60(b) motion was noticed before the magistrate and was heard without objections. Most recently, we reaffirmed that the consent of the parties "must be explicit, and will not be casually inferred from the conduct of the parties." *Trufant v. Autocon, Inc.,* 729 F.2d 308, 309 (5th Cir.1984).

*Id.* at 1106.

The constitutional concerns expressed in *Glover, supra,* and our decision in *Parks* and the other cases cited herein compel us to conclude that the magistrate did not have jurisdiction to enter the order of dismissal in this case. Section 636(c) requires the express consent of all the parties, given after they have been informed of their right to a trial before an Article III judge. We will not infer this statutorily required consent from the conduct of the parties.

■ We recognize that it is unfair to allow a party, as the plaintiffs did here, to remain silent on the jurisdictional problem while awaiting the magistrate's decision, knowing it will get a second chance from the appellate court should the magistrate rule against the party. This court does not favor giving such parties "a second bite at the apple." *Cruz v. Hauck,* 515 F.2d 322, 331 (5th Cir.1975), *cert. denied,* 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976); *see also Calderon v. Waco Lighthouse For The Blind,* 630 F.2d 352, 354 (5th Cir.1980) (holding that failure to object to the reference of a case to a magistrate for proposed findings of fact and recommendations for disposition waives the issue on appeal). However, when the objection is to jurisdiction, it cannot be waived. *Giannokos v. M/V BRAVO TRADER,* 762 F.2d 1295, 1297 (5th Cir.1985) (per curiam); *Amco Construction Co. v. Mississippi State Building Commission,* 602 F.2d 730, 733 (5th Cir.1979).

The magistrate's order dismissing plaintiffs' case pursuant to the Rule 12(b)(6)

motion is VACATED. In light of this decision, we need not address the propriety of the sanctions imposed by the magistrate against the plaintiffs. The case is REMANDED to the district court. Each party shall bear its own costs.