IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40428

_____

TOM FLEMING,

Plaintiff-Appellee,

versus

TOWN OF RANCHO VIEJO, TEXAS, ET AL.,

Defendants,

TOWN OF RANCHO VIEJO, TEXAS,

Defendant-Appellant,

versus

GASPAR ALVAREZ HERNANDEZ,

Intervenor Defendant-
Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas

(B-90-CV-152)

_____

December 9, 1996
Before REAVLEY, GARWOOD and BENAVIDES, Circuit Judges.[*]

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

PER CURIAM:

As defendant-appellant correctly points out, the magistrate judge, who purported to enter a final judgment in this case, lacked jurisdiction to do so because several of the parties, including the defendant Town of Rancho Viejo and the five individual defendants other than Halleman, did not consent to entry of judgment by the magistrate judge as provided in 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b). This was pointed out below by objections to the magistrate judge's purported judgment. We note that although individual defendant Halleman did consent, and was the mayor of the Town of Rancho Viejo, he did not purport to consent on its behalf, or sign the consent as "Mayor," or otherwise than simply in his own name. *See EEOC v. West La. Health Services, Inc*., 959 F.2d 1277, 1281-82 (5th Cir. 1992); *Caprera v. Jacobs*, 790 F.2d 442, 445-46 (5th Cir. 1986); *Parks v. Collins*, 761 F.2d 1101, 1106 (5th Cir. 1985). Accordingly, the purported final judgment entered by the magistrate judge is vacated and the cause is remanded.

VACATED and REMANDED

2