# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2010

No. 09-41240
Summary Calendar

Lyle W. Cayce
Clerk

J. UMOREN,

                        Plaintiff - Appellant

v.

PLANO INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; T. GRIFFIN; J. MELVIN; R. ROCKWELL,

                        Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 4:09-CV-413

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

J. Umoren appeals the magistrate judge's denial of his motion to appoint counsel. The district court record reveals no motion for reconsideration or similar filing seeking a ruling of the district court. *See* 28 U.S.C. §636(b)(1)(A); E.D. TEX. R. CV-72; E.D. TEX. R. app. B, R. 4(A). Nor does the record reveal any ruling by the district court in this regard. "The law is settled that appellate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41240

courts are without jurisdiction to hear appeals directly from federal magistrates."[1]  *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (pretrial matters may be referred to magistrate judges under § 636(b)(1)(A), but appeals must first go to the district court); *see also United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009) (applying *Renfro* to questions involving representation by counsel).  Our analysis is unchanged even if the magistrate judge acted under the general authority of § 636(b)(3), as some precedent suggests may govern the appointment of counsel in civil cases.  *See Washington v. Estelle*, 648 F.2d 276, 281 (5th Cir. Unit A 1981); FED. R. CIV. P. 72 advisory committee's note ("This rule does not restrict experimentation by the district courts under 28 U.S.C. § 636(b)(3) involving references of matters other than pretrial maters, such as appointment of counsel . . . .").  As we have explained, "[i]f subsection (b) is applicable, . . . no direct appeal to the Court of Appeals from the magistrate's decision is possible," *Glover v. Ala. Bd. of Corrections*, 660 F.2d 120, 121 (5th Cir. 1981); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 856 n.5 (5th Cir. 1991), regardless of the particular source of authority within that subsection.

Accordingly, this appeal is DISMISSED for want of jurisdiction.

---

[1]  The "limited exception" to this rule is not applicable here, as there is no indication that Umoren consented to proceedings before a magistrate. *See Donaldson v. Ducote*, 373 F.3d 622, 624–25 (5th Cir. 2004); *see also* 28 U.S.C. § 636(c).