904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry D. POLLARD, Plaintiff-Appellee,
v.
OWENS-ILLINOIS, INC.; Owens-Corning Fiberglass Corporation;
the Celotex Corporation; Eagle-Picher Industries, Inc.;
Rock Wool Manufacturing Co., Inc.; North Brothers, Inc., a
Division of National Services, Inc.; Carey Canada, Inc.;
Pittsburgh Corning Corporation; Southern Textile Company;
H.K. Porter Company, Inc.; A C and S, Inc; Turner &
Newall, Ltd., Defendants-Appellants,
and
RAYMARK INDUSTRIES, INC.; National Gypsum Company;
Fibreboard Corporation; Armstrong World Industries, Inc.;
Nicolet, Inc.; Forty-Eight Insulations, Inc.; Keene
Corporation; GAF Corporation; Combustion Engineering,
Inc.; Garlock, Inc.; Turner Asbestos Fibres, Ltd., Defendants.
 No. 89-2107.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 20, 1990.
Decided: May 29, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Aiken. C. Weston Houck, District Judge. (C/A No. 84-1600).
 Robert Holmes Hood, Carl Everrette Pierce, II, Robert H. Hood & Associates, Charleston, S.C., for appellants.
 Larry D. Pollard, appellee pro se.
 D.S.C.
 DISMISSED.
 Before PHILLIPS, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants appeal the district court's order refusing to enforce a settlement agreement. We dismiss the appeal for lack of jurisdiction.
 
 
 2
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 3
 The order which defendants appeal did not end the litigation on the merits, but rather set aside a settlement and judgment and returned the case for trial unless otherwise disposed of. Such an order is not appealable under 28 U.S.C. Sec. 1291. See Parks v. Collins, 761 F.2d 1101, 1104 (5th Cir.1985). Nor is it appealable under any exception to the final judgment rule.
 
 
 4
 Finding no basis for appellate jurisdiction, we dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.