McLEOD, ALEXANDER, POWEL & APFFEL, P.C., Plaintiffs–Appellees,

v.

Fred H. QUARLES, Defendant–Appellant.

No. 90–2897

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 8, 1991.

Gerson D. Bloom, Galveston, Tex., for defendant-appellant.

Otto Hewitt, III, Ervin A. Apffel, Jr., Evelyn T. Ailts, McLeod, Alexander, Powel & Apffel, Galveston, Tex., pro se.

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

JOHNSON, Circuit Judge:

Fred H. Quarles moved in the district court to vacate an earlier judgment entered against him. The district court denied his motion, and Quarles appeals. Finding no error, this Court will affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

This case has an unpleasantly long history. While a full statement of the facts that gave rise to this litigation is set out in this Court's prior opinion, *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir.1990), it is necessary to provide a brief summary of the prior proceedings in this Court and the district court. In 1987 the lawfirm of McLeod, Alexander, Powel & Apffel sued Quarles in state court, seeking recovery of approximately $12,000 in attorney's fees. Quarles removed the case to federal district court. When Quarles persistently refused to respond to the lawfirm's discovery requests and engaged in other obstructive tactics, the district entered a default judgment against Quarles. This Court affirmed that judgment, and remanded the case for a determination of the reasonable amount of attorney's fees due the lawfirm as a result of its efforts to collect its debt from Quarles. 894 F.2d at 1488.

On remand, the district judge referred the case to a magistrate for determination of the amount of attorney's fees. Shortly thereafter, Quarles filed a motion pursuant to Fed.R.Civ.P. 60(b), seeking to vacate the judgment against him on the basis of newly discovered evidence. The magistrate held two hearings; at the second, the magistrate heard argument on Quarles' motion to vacate the judgment against him. The magistrate recommended to the district court that Quarles' motion be denied. Quarles filed objections to the magistrate's recommendations, arguing for the first time that the magistrate did not have authority to hear a Rule 60(b) motion. The district court adopted the magistrate's findings and recommendations over Quarles' objections. Once again, Quarles has appealed.

## II. DISCUSSION

This appeal raises two related issues: first, can a Rule 60(b) motion to vacate a judgment be referred to a magistrate at all, and second, if such a motion can be referred to a magistrate, what is the extent of the magistrate's authority with respect to that motion? It is not entirely clear from Quarles' brief, but he appears to argue that his Rule 60(b) motion could not properly be referred to a magistrate at all, for any purpose. Quarles also argues that even if a Rule 60(b) motion can properly be referred to a magistrate, the reference in this case was inadequate. Neither of these positions has any merit.

### A. *The Authority of a Magistrate*

The statutes that create the position of United States Magistrate authorize district courts to refer a variety of matters to magistrates. The extent of the magistrate's authority varies, however, from matter to matter. Certain matters may be referred to a magistrate for her to hear *and determine*—that is, to rule on and enter an order or judgment for the court. On other matters, however, the magistrate is authorized only to hold an evidentiary hearing on the matter, and to propose to the district court findings of fact and to recommend a disposition of the matter. Examples of the first of these—matters which a magistrate may both hear and determine—include those matters described in 28 U.S.C. § 636(b)(1)(A), which authorizes magistrates to "hear and determine" certain non-dispositive pretrial motions, subject to review in the district court only

for clear error.[1] *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir.1984). Also, if the parties consent, under 28 U.S.C. § 636(c) a magistrate may conduct any and all proceedings in any civil matter referred to it by the district court, including trial, and enter judgment for the court.[2] *Parks v. Collins*, 761 F.2d 1101, 1106 (5th Cir.1985).

Examples of those matters as to which the magistrate is authorized only to hold an evidentiary hearing, and to propose to the district court findings of fact and to recommend a disposition of the matter, include the matters described in 28 U.S.C. § 636(b)(1)(B).[3] Section 636(b)(1)(B) allows a magistrate to hold hearings, propose findings of fact, and recommend disposition of certain dispositive pretrial and posttrial motions. *Ford,* 740 F.2d at 377. The magistrate's proposed findings of fact and recommendations are subject to *de novo* review by the district court, a review which includes an opportunity for the parties to object to the findings and recommendations of the magistrate. *Id.*

Quarles does not seem to recognize the importance of this distinction in the extent of the authority conferred on magistrates. Although his brief is not entirely clear, he appears to argue that the magistrate had no authority to *rule* on his motion. Such an argument, whether or not correct, is irrelevant in this case. In this case the magistrate did not rule on Quarles' motion. The magistrate did not enter an order for the court. He only held a hearing, and prepared for the district judge proposed findings of fact and a recommendation for how to rule on Quarles' motion. The district court conducted its own *de novo* review of Quarles' motion and the magistrate's findings and recommendations, and considered the parties' objections to those findings and recommendations. The district court—not the magistrate—then ruled on the motion. Thus, the only question before this Court is whether a magistrate has authority to hold a hearing on a Rule 60(b) motion and tender to the district court

1. § 636. Jurisdiction, powers, and temporary assignment

> * * * * * *
> (b)(1) Notwithstanding any provision of law to the contrary—
> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
> 28 U.S.C. § 636(b)(1)(A).

2. § 636. Jurisdiction, powers, and temporary assignment

> * * * * * *
> (c) Notwithstanding any provision of law to the contrary—
> (1) Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves....
> 28 U.S.C. § 636(c).

3. § 636. Jurisdiction, powers, and temporary assignment

> * * * * * *
> (b)(1) Notwithstanding any provision of law to the contrary—
> * * * * * *
> (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
> * * * * * *
> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
> 28 U.S.C. § 636(b)(1)(B).

proposed findings of fact and recommendations for the disposition of the motion. The question of whether a magistrate may both hear *and determine* a Rule 60(b) motion is not before this Court, and this Court does not today decide that question.

### B. *A Magistrate's Authority to Hear a Rule 60(b) Motion*

#### 1. Sections 636(b)(1) and 636(c)

Section 636(b)(1) does not mention Rule 60(b) or motions to vacate judgments. Accordingly, our cases have held that that section does not authorize a magistrate either to hear or determine a Rule 60(b) motion. *Parks,* 761 F.2d at 1104–05. Also, although it is clear that a magistrate may hear and determine a Rule 60(b) motion pursuant to § 636(c), it is equally clear that that section is inapplicable to the present case. That section was not invoked by the district court in its order of reference, and reference of any matter under § 636(c) requires the consent of the parties, usually in writing, which was neither sought nor obtained here. *See Parker v. Mississippi State Dept. of Public Welfare,* 811 F.2d 925, 927–28 (5th Cir.1987).

#### 2. Section 636(b)(3)

Given that a magistrate is not authorized to hear or determine a Rule 60(b) motion under § 636(b)(1), and that on the facts of this case the magistrate did not have authority to hear the motion pursuant to § 636(c), the question presented is whether a magistrate might have jurisdiction of a Rule 60(b) motion under 28 U.S.C. § 636(b)(3). This is a question that this Court has previously avoided. *See, e.g.,*

*Parker,* 811 F.2d at 928, 928 n. 8; *Parks,* 761 F.2d at 1105 n. 6. The question can no longer be avoided, however, because the lawfirm argues that it is precisely that section—§ 636(b)(3)—which authorizes the district court to assign a Rule 60(b) motion to a magistrate for an evidentiary hearing, and allows the magistrate to tender to the district court proposed findings of fact and a recommendation as to how to rule on the motion.

Section 636(b)(3) is brief. It provides only that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Indeed, the section is so brief that it yields a rather featureless grant of authority, one which so far has been little used. Nonetheless, it is possible to determine what authority this section confers on magistrates by looking at the other sections of the statutes which confer authority on magistrates. As noted in part II. A. above, those sections include generous provisions authorizing district court judges to refer a variety of matters to magistrates, including several dispositive pretrial and posttrial motions. 28 U.S.C. § 636(b)(1). Indeed, § 636(c) allows a magistrate to hear and determine a Rule 60(b) motion. *Parks,* 761 F.2d at 1106. In light of these provisions, it seems entirely consistent with a magistrate's other duties to allow her to hear a Rule 60(b) motion and to prepare proposed findings and recommendations.[4] Accordingly, this Court holds that § 636(b)(3) authorizes a district court to refer to a magistrate a motion made pursuant to Rule 60(b), at least for the limited purpose of holding an evidentiary hearing and preparing for the district court proposed findings of fact and recommendations for the disposition of the motion.[5]

---

**4.** Also, Quarles cites no federal statute or constitutional provision which would otherwise prohibit a magistrate from hearing a Rule 60(b) motion, and this Court is aware of none.

**5.** The Court emphasizes that its approval of referring a Rule 60(b) motion to a magistrate under § 636(b)(3) is expressly conditioned on the presence of the safeguards which attend references of other matters to magistrates under § 636(b)(1)(B). That is, the magistrate is not

authorized to enter judgment for the court; she makes only proposed findings of fact and recommends a ruling on the motion; her findings and recommendations are subject to *de novo* review by the district court; all parties are entitled to file objections to her findings and recommendations, which objections are to be considered by the district court in deciding whether to adopt those findings and recommendations.

### C. The Reference of the Rule 60(b) Motion in This Case

 Quarles also argues, however, that even if referral of his Rule 60(b) motion is authorized, in this case it was not properly made. Quarles points to two flaws in the reference of his Rule 60(b) motion to the magistrate. He asserts that 1) he did not consent to the reference, and 2) the order referring the case to the magistrate was defective in that it mentioned only the determination of attorneys' fees, and not the Rule 60(b) motion. The crucial flaw in Quarles' first argument is that even if consent is required for a reference under § 636(b)(3),[6] it is the law of this circuit that when judgment on a matter is entered by the district court, and not the magistrate, failure to obtain the consent of the parties to the proceeding before the magistrate is only a procedural error, not a jurisdictional error. *Archie v. Christian*, 808 F.2d 1132, 1134–35 (5th Cir.1987) (*en banc*). *Cf. Sockwell v. Phelps*, 906 F.2d 1096, 1099 (5th Cir.1990). Quarles second argument is similarly flawed: a defect in the order referring the case to the magistrate is merely procedural. *Parker*, 811 F.2d at 929. Finally, given that the errors complained of are only procedural, any objection to them may be waived if not timely raised. A party waives his objection when he participates in a proceeding before a magistrate and fails to make known his lack of consent or fails to object to any other procedural defect in the order referring the matter to the magistrate until after the magistrate has issued her report and recommendations. *Id.* at 928–29; *Archie*, 808 F.2d at 1137 (Higginbotham, J., concurring); *Cruz v. Hauck*, 515 F.2d 322, 331 (5th Cir.1975), cert. denied, 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976).[7] By waiting to object until after the magistrate had issued its proposed findings of fact and its recommendation that the Rule 60(b) motion be denied, Quarles waived his objection.

### III. CONCLUSION

For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED.

---

**6.** It is not at all clear from the text of the statute that consent is required for a reference under § 636(b)(3). Because we need not do so, we will not today decide that issue. It is enough for now to note, as we have before, that "[c]onsent to a 636(b)(3) designation, if required at all, will be inferred from a party's failure to object to the designation." *Parker v. Mississippi State Dept. of Public Welfare*, 811 F.2d 925, 928 (5th Cir.1987) (citing *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 354 (5th Cir.1980)).

**7.** The *Cruz* Court explained the reason for this rule:

A party objecting to a reference should do so prior to or at the time of the reference. If this is infeasible, the objection should be made to the judge at the earliest possible opportunity. Such procedure permits the proper and efficient administration of the judicial process. Otherwise, a party disappointed with a master's report would be able to obtain "a second bite at the apple" by withholding his objection to the reference until after the report. Since appellants did not object to the reference in the district court, we hold that they waived their right to object.... 515 F.2d at 331 (citations omitted).