Christopher R. LeGEAR, Appellant,

v.

John A. THALACKER, sued as John Thalacker; Russell Behrends; John Sissel; Larry Brimeyer, Appellees.

No. 94–2729.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 22, 1994.

Decided Jan. 20, 1995.

Christopher B. LeGear, pro se.

No brief was filed by appellees.

Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.

PER CURIAM.

Christopher Ray LeGear, an Iowa inmate, appeals the magistrate judge's [1] denial of his motion to reopen his previously-dismissed 42 U.S.C. § 1983 case based on newly-discovered evidence. We dismiss the appeal for lack of jurisdiction.

LeGear claimed that prison officials violated his due process and Eighth Amendment rights by keeping him in administrative segregation without giving him specific reasons or meaningful reviews. The district court [2] dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(d) and denied his motion for reconsideration. LeGear appealed the order, and this court affirmed.

Before we affirmed, however, LeGear moved the district court to reopen the case, alleging newly-discovered evidence. He also filed an "Application for Consideration of Special Discovery Request" and a motion for appointment of counsel. The district court referred the matter to the magistrate judge,

---

1. The Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa.

2. The Honorable Michael J. Melloy, United States District Judge for the Northern District of Iowa.

who denied all three motions without explanation. LeGear appealed.

A Federal Rule of Civil Procedure 60(b)(2) motion may be referred to a magistrate judge under 28 U.S.C. § 636(b)(3), which allows the district court to assign to the magistrate judge "additional duties ... not inconsistent with the Constitution and laws of the United States." *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 925 F.2d 853, 856 (5th Cir.1991) (motion may be referred for proposed recommendations and findings). A magistrate judge's decision issued pursuant to section 636(b)(3) is not a final order; initial review rests with the district court. *Gleason v. Secretary of Health & Human Servs.,* 777 F.2d 1324, 1324 (8th Cir.1985); *Loewen–America, Inc. v. Advance Distrib. Co.,* 673 F.2d 219, 220 (8th Cir.1982).

A magistrate judge's decision is a final order only if the parties have explicitly and unambiguously consented to the magistrate judge's jurisdiction under section 636(c). *See Henry v. Tri–Services, Inc.,* 33 F.3d 931, 933 (8th Cir.1994). Because the district court did not issue an order on the motion and the record does not contain a document showing that the parties consented to the magistrate judge's jurisdiction, we vacate the order and dismiss the appeal for lack of jurisdiction.