IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40657
Conference Calendar
_____

MICHAEL T. JONES,

                                        Plaintiff-Appellant,

versus

JOHNNY M. MILES; EVELYN CASTRO, Sergeant; NOE V. BOTELLO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-163
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Michael T. Jones, Texas prisoner No. 419729, appeals the
dismissal of his civil rights complaint pursuant to 28 U.S.C.
§ 1915(e)(2)(B).  Jones' motion for a stay pending appeal is
DENIED.

    Jones argues that the magistrate judge erred by dismissing
the complaint without addressing Jones' timely objections to the
magistrate judge's recommendation that the complaint be
dismissed.  As Jones does not dispute that he consented to entry
of final judgment by the magistrate judge pursuant to 28 U.S.C.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 636(c)(3), the magistrate judge was not required to consider Jones' objections.  See McLeod, Alexander, Powel & Apfel, P.C. v. Quarles, 925 F.2d 853, 855 & n.2 (5th Cir. 1991).

Jones' argument that he was convicted of prison disciplinary charges based on a false report and his contention that the disciplinary proceedings violated principles of due process are premature under Heck v. Humphrey, 512 U.S. 477, 487 (1994). Jones' allegation that he was served "food loaf" on an isolated occasion does not rise to the level of a constitutional violation.  Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986); Harris v. Angelina County, Texas, 31 F.3d 331, 334 (5th Cir. 1994).  Jones' claim that Sergeant Castro and Officer Botello subjected him to excessive force by throwing water at him is frivolous because he alleges no injury whatsoever.  See Gomez v. Chandler, 163 F.3d 921, 924-25 (5th Cir. 1999).  Jones' allegations of a conspiracy between Sergeant Castro and Officer Botello are conclusional and, thus, fail to give rise to a claim under 42 U.S.C. § 1983.  Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994).  Jones has abandoned the other claims that he raised in the district court by failing to argue them in his appellate brief.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The magistrate judge dismissed the complaint without prejudice.  Because the complaint fails to allege a violation of § 1983, it should have been dismissed with prejudice. Accordingly, we AMEND THE JUDGMENT to reflect that the complaint is DISMISSED WITH PREJUDICE and AFFIRM AS AMENDED.

MOTION DENIED; AFFIRMED AS AMENDED.