

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# Garland v. Malinich

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4320

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Garland v. Malinich" (2006). *2006 Decisions*. Paper 1047.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1047

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-146                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4320
_____

KENDALL GARLAND,

Appellant
v.

LT. MALINICH, SCI Houtzdale

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00153J)
District Judge: Honorable Kim R. Gibson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 2, 2006

BEFORE: ROTH, FUENTES and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed May 24, 2006)

_____

OPINION
_____

PER CURIAM

　　　Kendall Garland appeals from the District Court's order denying him leave to

amend his complaint following dismissal of his initial complaint pursuant to 28 U.S.C. §

1915. For the reasons set forth herein, we will summarily affirm the judgment of the

District Court.

On November 10, 2004, Garland's civil rights complaint was dismissed for failure to state a claim upon which relief could be granted. Garland did not appeal that order. Instead, on May 19, 2005, Garland sought leave of the District Court to amend his complaint. His motion was referred to the Magistrate Judge to whom his case had initially been assigned.[1] The Magistrate Judge denied Garland's motion to amend, and denied a motion for reconsideration subsequently filed by Garland. Garland appealed to the District Court, which, on August 1, 2005, affirmed the Magistrate Judge's order. The District Court held that Rule 15(b) of the Federal Rules of Civil Procedure permits post-judgment amendment of a complaint only in limited circumstances not present in Garland's case. The Court further held that the Magistrate Judge had correctly determined that none of the bases for granting relief from judgment under Rule 60(b) were present and that the motion could not be considered under Rule 59(e) because it had not been timely filed.

On August 11, 2005, Garland delivered to prison officials a motion requesting reconsideration of the District Court's August 1 Order. Because, by that time, Garland had already used $9.97 of the $10.00 he was allotted by the prison to be used for copying,

_____

[1] It is not clear from the record under what authority Garland's post-judgment motion for leave to amend the complaint was referred to the Magistrate Judge. The case was initially referred to the Magistrate Judge for "pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)."

postage, and filing of court documents for the month of August, the prison denied his request for postage and informed him that his motion could not be posted until September, when he would receive additional funds in his account. Thus, his motion for reconsideration was not mailed until September 2. The District Court denied the motion for reconsideration on September 19. Garland filed a notice of appeal on the same day.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Initially, we must assess whether Garland's appeal was timely filed. The District Court's order denying Garland leave to amend his complaint was entered on August 1, 2005. In the order, the District Court characterized the Magistrate Judge's June 22, 2005 order issued with respect to that motion as an appropriate order on a pretrial matter and therefore reviewed it under the "clearly erroneous or contrary to law" standard enunciated in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). We disagree with this characterization of the order and the Magistrate Judge's action. Garland's motion was properly characterized as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). See Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (recharacterizing a post-judgment motion to amend as a Rule 59(e) or Rule 60 motion to match the substance of the relief requested); see also 6 Charles Alan Wright, Arthur A. Miller & Mary Kay Kane, Federal Practice & Procedure, § 1489 (noting that most courts require a judgment to be set aside or vacated under Rule 59 or 60 before permitting post-judgment amendment of a complaint under Rule 15). A Rule 60(b) motion for relief from

3

judgment can only be referred to a magistrate pursuant to 28 U.S.C. § 636(b)(3), which allows the district court to assign to the magistrate "additional duties . . . not inconsistent with the Constitution and laws of the United States." See Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 74 (1st Cir. 2001); LeGear v. Thalacker, 46 F.3d 36, 37 (8th Cir. 1995); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 925 F.2d 853, 856 (5th Cir. 1991). When a motion is referred to a magistrate judge pursuant to § 636(b)(3), the magistrate judge is not authorized to enter judgment for the court, but instead may issue recommendations to the district court which are then subject to de novo review. See Quarles, 925 F.2d at 856 n.5. We therefore view the Magistrate Judge's June 22, 2005 order as a report & recommendation to the District Court. Thus, the time for Garland to file an appeal to this Court did not begin to run until the District Court entered its order adopting the recommendation of the Magistrate Judge on August 1, 2005.

We next consider whether Garland's motion for reconsideration tolled the time to timely file an appeal. To toll the time for appeal, a motion for reconsideration must be filed within ten days of entry of the final order. Fed. R. App. P. 4(a)(4)(A)(iv) & (vi). Here, Garland asserts that he delivered the motion for reconsideration to prison officials on August 11, 2005, but did not have sufficient funds in his account to post the motion until September. While Houston v. Lack, 487 U.S. 266 (1988), provides that a notice of appeal is deemed filed at the time it is delivered to prison authorities to be mailed to the court clerk, id. at 276, it does not explicitly address a situation such as this. However,

4

since Appellee did not question the timeliness of this motion in the District Court and has not raised this issue in response to the Clerk's letter indicating that this Court would consider whether the appeal was timely filed, we deem the issue to be waived, and consider the motion for reconsideration to be timely filed on the date it was delivered to prison officials. Cf. Eberhardt v. United States, __ U.S. __, 126 S. Ct. 403, 407 (2005) (per curiam) (holding that government waived defense of untimeliness to motion requesting new trial by failing to raise issue prior to adjudication on the merits).

The motion for reconsideration was denied by the District Court on September 19, 2005, and the notice of appeal was received by the District Court that same day. Thus, the District Court's August 1 denial of leave to amend the complaint post-dismissal is properly before this Court. The District Court held that Garland's motion to amend was untimely under Rule 59(e) and without basis under Rule 60(b). Rule 60(b) provides for relief from judgment based on (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment. In his motion, Garland offers no justification pursuant to Rule 60(b) to grant his motion. At most, he argues that he "only recently came to realize that this complaint could be amended to cure defects." The District Court was correct in concluding that Garland's misunderstanding does not

5

provide a basis on which to reopen the judgment. All of the facts alleged by Garland in his proposed amended complaint were within his knowledge at the time he filed his original complaint. At this stage in the proceedings, "a judgment generally will be set aside only to accommodate some new matter that could not have been asserted during the trial, which means that relief will not be available in many instances in which leave to amend would be granted in the prejudgment situation." 6 Wright et al., Federal Practice & Procedure, § 1489. Because Garland cannot satisfy the requirements of Rules 59(e) or 60(b), his motion to reopen the judgment and amend the complaint were properly denied.[2]

For the reasons set forth herein, we conclude that this appeal presents no "substantial question," and will therefore summarily affirm the District Court's decision. 3d Cir. LAR 27.4 & I.O.P. 10.6.

---

[2] We recognize that, due to the operation of 28 U.S.C. § 1915, Garland's original complaint was dismissed at a very early stage in the proceedings. It is the policy of this circuit not to dismiss a complaint pursuant to § 1915 when the defects can be cured by amendment. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Were this an appeal from the District Court's initial decision, our analysis would be different. At this stage in the proceedings, however, the judgment would have to be reopened under Rule 60(b) before we could reach the application of Rule 15.