

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2006

# Perry v. DE River Port Auth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2484

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Perry v. DE River Port Auth" (2006). *2006 Decisions.* Paper 98.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/98

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2484
_____

JONATHAN PERRY,

Appellant

v.

DELAWARE RIVER PORT AUTHORITY

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 97-cv-03297)
District Judge: Honorable Jan E. DuBois

_____

Submitted Under Third Circuit LAR 34.1(a)
October 16, 2006

Before: Barry, Chagares and Cowen, Circuit Judges.

(Filed: December 14, 2006)
_____

OPINION
_____

PER CURIAM

      Appellant Jonathan Perry, proceeding pro se, appeals from the District Court's

denial of his motion for reconsideration. For the reasons that follow, we will affirm.

Appellant filed a civil rights action against his former employer, the Delaware River Port Authority ("DRPA"), on May 8, 1997, contesting his discharge. Following two days of trial, the District Court referred the parties to Chief Magistrate Judge Melinson for settlement discussions. On January 26, 1999, Appellant and DRPA entered into a settlement agreement ("Settlement Agreement") in which Appellant released DRPA from all claims relating to his employment in exchange for the payment of $15,000. On the same day, the parties and the Magistrate Judge signed a Stipulation and Order which stated in its entirety:

> AND NOW, this 26th day of January, 1999, the above-captioned parties, by and through counsel, have settled the matter before this court and agree to the following:
>
> 1. This matter will be dismissed pursuant to Local Rule 41.1(b).
>
> 2. Any necessary settlement agreement and releases will be prepared by counsel and exchanged for signatures within a reasonable period of time.
>
> 3. Any disputes between the parties relating in any way to the settlement of this case shall be submitted to Chief U.S.M. Judge James R. Melinson for resolution. The decision of Judge Melinson regarding any such dispute is final and binding, and the parties hereto specifically acknowledge and agree to same as part of this settlement agreement.

While the Stipulation and Order was signed on January 26, 1999, it was not entered on the docket until May 8, 2001. On January 28, 1999, the Clerk of Court entered an order dismissing the action with prejudice pursuant to Rule 41.1(b) of the Local Rules of Civil

2

Procedure for the United States District Court for the Eastern District of Pennsylvania.[1]

Two years later, on May 8, 2001, upon request from Appellant's attorney, Chief Magistrate Judge Melinson issued Findings and Order purporting to clarify the terms of the Settlement Agreement. In the Findings and Order, the Court stated that Appellant's union grievance against DRPA was distinct from the claim that was the subject of the Settlement Agreement, and that the union could therefore proceed to arbitration with the grievance. DRPA and the union proceeded to arbitration, and on November 18, 2003, the arbitrator issued an opinion upholding plaintiff's discharge.

After the arbitrator's decision was upheld by the Philadelphia County Court of Common Pleas, Appellant sought to re-open the instant action below by filing a pro se "Petition to Re-Open Federal Case Before the Honorable James R. Melinson" in early 2004.[2] In his motion, Appellant asked the Court to void the Settlement Agreement, arguing that between 1999, when the parties entered into the Settlement Agreement, and

---

[1] Local Rule 41.1(b) provides:

> Whenever in any civil action counsel shall notify the Clerk of the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served with ninety (90) days of the entry of such order of dismissal.

[2] It is not clear when, exactly, this motion was filed. While it was not date-stamped or docketed until March 18, 2004, the verification attached to it is dated February 4, 2004, and Appellee's response was filed on February 27, 2004.

2003, when the arbitration occurred, DRPA had engaged in delaying tactics that effectively prevented him from receiving the arbitration he had bargained for in the course of settlement. Specifically, Appellant maintained that he was prejudiced by the delay due to the unavailability of relevant documents and witnesses, and the apparent unreasonableness of his request for reinstatement six years after his discharge. On March 18, 2004, Chief Magistrate Judge Melinson denied the motion without opinion.

On April 20, 2004, Appellant requested an extension of time in which to move for reconsideration of the Magistrate Judge's order and filed a memorandum of law clarifying the bases for his motion to reopen. In his supporting memorandum, Appellant argued that DRPA breached the terms of the Settlement Agreement by informing the arbitrator of the settlement and expressing confusion as to the point of the arbitration. He also maintained that the union did not use its best efforts to represent him and sought to have the arbitration award set aside or vacated. The District Court granted in part Appellant's request for an extension of time. Appellant then filed what he styled a "Motion for Reconsideration" and a supporting memorandum of law in which he set forth essentially the same arguments submitted to the Court in his motion to reopen and his request for an extension of time.

On April 8, 2005, the District Court entered an order denying Appellant's motion for relief. First, the Court held that Judge Melinson had retained jurisdiction over disputes arising from the Settlement Agreement, and that, by the terms of that agreement, Appellant had consented to the finality of Judge Melinson's decisions over its

4

interpretation.  Thus, the Court concluded that Appellant had waived his right to contest Judge Melinson's denial of his motion to reopen.  Nonetheless, the Court addressed the merits of Appellant's motions for relief and concluded that Judge Melinson had correctly determined that Appellant had not set forth a basis for reopening the Settlement Agreement, nor had he satisfied the standard for reconsideration.  It is from this order that Appellant appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

In his informal brief, Appellant argues that, based on DRPA's breach of the Settlement Agreement, the Agreement should be voided and his federal lawsuit reinstated. While Appellant has failed to identify any basis for such relief, he is essentially seeking the vacation of the order of dismissal entered following the parties' entry into the Settlement Agreement.  Thus, his motion is properly considered under Rule 60(b) of the Federal Rules of Civil Procedure.  See Sawka v. Healtheast, Inc., 989 F.2d 138 (quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1186 (7th Cir. 1985) ("Any time a district judge enters a judgment, even one dismissing a case by stipulation of the parties, he retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule, some of which have no time limit.").

Appellant filed such a motion with Chief Magistrate Judge Melinson, and following his denial of the motion, sought reconsideration from the District Court.[3]  Rule

---

[3] As an initial matter, we do not believe the Magistrate Judge had the authority to grant or deny such a motion.  A Rule 60(b) motion for relief from judgment can only be

5

60(b) provides for relief from judgment based on (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment.  Such a motion must be made "within a reasonable time, and for reasons (1), (2), and (3), not more than one year after the judgment, order or proceeding was entered or taken."  Fed. R. Civ. P. 60(b).

Because Appellant's motion was filed more than one year after the judgment was entered, relief could only plausibly be available for reasons (4), (5), or (6).  Appellant has not advanced any basis for relief under these subsections.  At best, his motions could be read to argue that DRPA's alleged breach of the Settlement Agreement justifies such relief.  However, we have expressly held that, pursuant to Rule 60(b)(6), relief may only be granted under extraordinary circumstances, and that the breach of a settlement agreement

---

referred to a magistrate pursuant to 28 U.S.C. § 636(b)(3), which allows the district court to assign to the magistrate "additional duties . . . not inconsistent with the Constitution and laws of the United States."  See Conetta v. Nat'l Hair Care Ctrs., Inc., 236 F.3d 67, 74 (1st Cir. 2001); LeGear v. Thalacker, 46 F.3d 36, 37 (8th Cir. 1995); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 925 F.2d 853, 856 (5th Cir. 1991).  When a motion is referred to a magistrate judge pursuant to § 636(b)(3), the magistrate judge is not authorized to enter judgment for the court, but instead may issue recommendations to the district court which are then subject to de novo review.  See Quarles, 925 F.2d at 856 n.5.  We therefore view the Magistrate Judge's March 18, 2004 denial of Appellant's motion to reopen as a recommendation to the District Court.  However, because Appellant raised essentially the same issues in his motion for reconsideration as he had in his motion to reopen, and the District Court issued a thorough opinion addressing all possible bases for relief, we will construe the motion for reconsideration as a motion to reopen and treat this appeal as if it was from the denial of the motion to reopen.

6

does not satisfy that requirement, even though it may give rise to a cause of action to enforce the agreement.  See Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993).

Accordingly, we will affirm the District Court's denial of Appellant's motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

7